UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK A. MANZELLA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-cv-01338-SEP |
| HEATHER H. TURNER, et al., | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM AND ORDER

Before the Court are Plaintiff Mark Manzella's claims against Defendant Heather H. Turner on initial review of the Complaint, Doc. [1], Plaintiff's Motion for Reconsideration, Doc. [35], and Defendants Dr. Jerry Lovelace and Angela Adams, NP's Motion to Strike Plaintiff's Response to their Answer, Doc. [39]. For the reasons set forth below, Plaintiff's claims against Defendant Heather H. Turner are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Court also denies Plaintiff's motion for reconsideration and grants Defendants' motion to strike.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the full filing fee if it is "frivolous or malicious," or if it "fails to state a claim on which relief may be granted." To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw upon judicial experience and common sense." *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court is not required to "accept as true any legal conclusion couched as a factual allegation").

#### THE COMPLAINT

Plaintiff is incarcerated at the Eastern Reception Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri.[1] Plaintiff brings his claims under 42 U.S.C. § 1983 against Defendant Turner in both her individual and official capacities. Doc. [1] at 4. He alleges that Turner failed to protect him from an attack by a fellow inmate, thereby violating his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at 25.

Plaintiff states that he was attacked by a fellow inmate at ERDCC on December 24, 2020. *Id.* at 8. He claims that Defendant Turner, the Functional Unit Manager assigned to housing unit 4, was "personally responsible" for placing the other inmate in Plaintiff's cell with full knowledge that the other offender was volatile. *Id.* at 25. Plaintiff claims that the other "offender was having problems with his previous cellies," which was the reason for his transfer. *Id.* Plaintiff seeks more than $250,000 in actual damages and more than $150,000 in punitive damages. *Id.* at 31-32.

#### DISCUSSION

**I.   Dismissal of Defendant Heather H. Turner**

"Prison inmates have a clearly established Eighth Amendment right to be protected from violence by other inmates." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). Prison officials must take "reasonable measures" to guarantee inmate safety and "to protect prisoners from violence at the hands of other prisoners." *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004) (quoting *Farmer*, 511 U.S. at 832-33). To prove an Eighth Amendment violation, an inmate must fulfill two requirements, one objective and one subjective. *See Hodges v. Minn. Dept. of Corr.*, 61 F.4th 588, 592 (8th Cir. 2023); *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). The first requirement is that, viewed objectively, the alleged deprivation of rights is "sufficiently serious." *Farmer*, 511 U.S. at 834. The second requirement, the subjective inquiry, requires the prisoner to prove that the prison official had a "sufficiently culpable state of mind." *Id.* For a prison official to be held liable under the Eighth Amendment "for denying an inmate humane conditions of confinement," the

---

[1] On December 15, 2022, the Court conducted an initial review of Plaintiff's Complaint, Doc. [1], as to all defendants except Defendant Heather H. Turner. Doc. [9]. At that time, the Court was addressing Plaintiff's request for injunctive relief, which did not implicate his claims against Defendant Turner. Since then, the other defendants have answered the complaint, the case is ready to proceed, and the Court now conducts its initial review of Plaintiff's claims against Defendant Turner.

official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).

The first requirement of a failure to protect claim is that the alleged deprivation of rights be "sufficiently serious." *Farmer*, 511 U.S. at 834. In determining whether a substantial risk of serious harm exists, the Court looks at certain factors such as: (1) whether plaintiff had been threatened by the assailant; (2) whether the assailant was known to be violent or volatile; (3) whether plaintiff and the assailant had previously argued or fought, been cellmates, or even knew each other; and (4) whether either plaintiff or the assailant had recently been in protective custody or in a restrictive status such as administrative segregation. *See Vandevender v. Sass*, 970 F.3d 972, 976 (8th Cir. 2020). Ultimately, a plaintiff must show that he faced a "pervasive risk of harm." *Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir. 1992). Ordinarily, a "pervasive risk of harm" cannot be "shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror in the particular institution." *Andrews v. Siegel*, 929 F.2d 1326, 1330 (8th Cir. 1991).

Plaintiff alleges that Defendant Turner is "personally responsible for placing an offender in plaintiff's cell, having full knowledge that she was placing a volatile offender in the cell with this plaintiff." Doc. [1] at 25. Plaintiff states the assaulting inmate "was having problems with his previous cellies," which was the reason he was moved to Plaintiff's cell. *Id.*

Those allegations are not enough to state a plausible claim that a substantial risk of serious harm existed at the time Turner placed the assailant in his cell. Plaintiff alleges only that the assailant had unspecified "problems" with his prior cellmates, which led to his transfer. That by itself is insufficient to establish a plausible claim that Turner ignored an excessive risk to Plaintiff's health or safety. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). The complaint does not allege any facts from which the court could find that there was, objectively, a substantial risk that Plaintiff would be attacked by his new cellmate. *See, e.g.*, *Patterson v. Kelley*, 902 F.3d 845, 851-52 (8th Cir. 2018) (no Eighth Amendment claim where prisoner was victim of a "surprise attack").[2]

---

[2] If a plaintiff fails to allege a substantial risk of serious harm, then he has failed to state a claim, and there

Plaintiff has not alleged facts establishing a plausible claim that Defendant Turner recklessly disregarded or was deliberately indifferent to his Eighth Amendment rights to be free from violent attack by fellow inmate.  For that reason, the Court dismisses Plaintiff's claims against Turner for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

## II.     Plaintiff's Motion for Reconsideration

On February 22, 2023, Plaintiff filed a Motion for Reconsideration of the Court's January 24, 2023, Order, denying his motion for a temporary restraining order and preliminary injunction.  Doc. [35].  "Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."  *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).  A motion for reconsideration "is not a vehicle for simple reargument on the merits."  *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999).  Plaintiff's motion presents no basis for reconsideration of the Court's January 24, 2023, Order.  Because Plaintiff does "nothing more than reargue somewhat more fully, the merits of his claim," *id.* at 989-90, the motion for reconsideration is denied.

## III.    Defendants' Motion to Strike

One March 7, 2023, Plaintiff filed a reply, Doc. [37], to the answer filed by Defendants Angela Adams and Dr. Jerry Lovelace, Doc. [34].  Those defendants now ask the Court to strike Plaintiff's reply because it is "is not authorized under the Federal Rules of Civil Procedure."  Doc. [39] at 1.

Federal Rule of Civil Procedure 7(a) states that only the following pleadings are allowed in a civil case:  "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) *if the court orders one, a reply to an answer*."  Fed. R. Civ. P. 7(a) (emphasis added).  Because the Court did not order Plaintiff to file a reply to Defendants' answer, and because Rule 7(a) only allows a reply to an answer if ordered by the Court, the motion to strike is granted.  Doc. [39].

---

is no need to consider the issue of the defendant's deliberate indifference.  *See Berry v. Sherman*, 365 F.3d 631, 635 (8th Cir. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Mark Manzella's claims against defendant Heather H. Turner are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration, Doc. [35], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Dr. Jerry Lovelace and Angela Adams, NP's Motion to Strike Plaintiff's Response to their Answer, Doc. [39], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Response to Defendants' Answer and Affirmative Defenses, Doc. [37], is **STRICKEN** from the record.

An order of partial dismissal accompanies this Memorandum and Order.

Dated this 26th day of May, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE