# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARK A. MANZELLA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:22-cv-01338-SEP |
| ) | |
| ANGELA M. ADAMS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are Plaintiff Mark A. Manzella's Motion to Amend Complaint, Doc. [53], and Motion for Reconsideration, Doc. [59]. For the reasons set forth below, the motion to amend is granted in part and denied in part, and the motion for reconsideration is denied.

### I.     Motion to Amend

On June 21, 2023, Plaintiff filed a motion to amend his Complaint to: (1) reinstate dismissed claims against Corizon Medical Services and Centurion Medical Services; (2) add claims against "Tehum Care Services, Inc.," "CHS TX," "YesCare," and "Flacks Group"; (3) reinstate dismissed claims against Heather Turner; and (4) add claims against Todd Renshaw, in his official and personal capacities. *See* Doc. [53].

Rule 15(a) of the Federal Rules of Civil Procedure states that courts "should freely give leave [to amend] when justice so requires." Under Rule 15, "[d]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001)); *see also Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

"An amendment is futile if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6).'" *Hillesheim*, 897 F.3d at 955 (quoting *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014)). In other words, "[a]lthough ordinarily the decision of whether to allow a plaintiff to amend the complaint is within the trial court's discretion, when a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that

the amended complaint could not withstand a Rule 12 motion." *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007) (citing Fed. R. Civ. P. 12).

Reinstatement of Corizon and Centurion as defendants would be futile for the reasons explained in the Court's December 15, 2022, Order. *See* Doc. [9] at 6-7. And Plaintiff's proposed amendment to add new claims against Tehum, CHS TX, YesCare, and Flacks Group is futile for the same reason. Plaintiff believes those entities are associated with Corizon and Centurion and are thus liable on the same basis as Corizon and Centurion—viz., respondeat superior. The Court already rejected that argument as to Corizon and Centurion, finding that "Plaintiff has not alleged any constitutional violation resulting from a policy, custom, or action" by those entities. Doc. [9]. Plaintiff's proposed claims against Tehum, CHS TX, YesCare, and Flacks Group suffer from the same defect. Plaintiff's request to reinstate Heather H. Turner is also denied because he alleges no new facts and brings the same claims against her that the Court already dismissed in its May 26, 2023, Memorandum and Order. *See* Doc. [48] at 2-4; *compare* Doc. [53-1] ¶¶ 102-07, *with* Doc. [1] ¶¶ 90-95. Therefore, the amendment would be futile.

Plaintiff also moves to add claims under 42 U.S.C § 1983 against Todd Renshaw in his individual and official capacities. Doc. [53-1] at 4. Plaintiff alleges that Mr. Renshaw, the Director of Nursing for Corizon at all times relevant to the Complaint, "colluded with Defendant Karen Rose" to remove Plaintiff from his "handicap cell" and take his wheelchair, and then "caused the continued denial of the return of [Plaintiff's] wheelchair." Doc. [53] at 3. In doing so, Plaintiff claims that Renshaw violated his Eighth Amendment right to be free from cruel and unusual punishment. *See id.* Plaintiff's allegations are sufficient to state a deliberate indifference claim against Renshaw, and therefore Plaintiff may amend his complaint to add Renshaw as a defendant *in his personal capacity*.

Plaintiff's official-capacity claims against Renshaw are futile, however, and therefore the Court denies leave to add them. They would fail for the same reason as Plaintiff's official-capacity claims against the other individual medical providers. *See* Doc. [9] at 7 (dismissing official-capacity claims against individual medical defendants because Plaintiff had not alleged that a policy or custom of their employer was responsible for any alleged violation).

## II.    Motion for Reconsideration

On August 23, 2023, Plaintiff filed a Motion for Reconsideration of the Court's August 3, 2023, Order, denying his motion for change of judge. Doc. [55]. "Motions for reconsideration

2

serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).  A motion for reconsideration "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).  Plaintiff's motion presents no basis for reconsideration of the Court's August 3, 2023, Order.  Because Plaintiff does "nothing more than reargue somewhat more fully, the merits of [his] claim," *id.* at 989-90, the motion for reconsideration is denied.

### III.  Instructions for filing an amended complaint

In consideration of Plaintiff's *pro se* status, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief.  Plaintiff is advised that the amended complaint will replace the original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").  Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the form, Plaintiff should write the names of the people he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). Plaintiff should name someone as a defendant only if that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue each defendant.  Plaintiff's amended complaint should not include any of the amendments rejected by the Court in this Order or any previously dismissed claims, unless Plaintiff (1) files a new motion to amend his complaint, and (2) alleges new facts stating a claim upon which relief can be granted.  Plaintiff is reminded that the Court has dismissed:  (1) claims against Corizon Medical Services and Centurion Medical Services, Doc. [9]; (2) official-capacity claims against Angela M. Adams, Karen S. Rose, Dr. Jerry Lovelace, and Dr. William Dennis, Doc. [9]; and (3) claims against Heather H. Turner, Docs. [38], [39].

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R.

Civ. P. 8(a).  Each allegation must be simple, concise, and direct.  *See id.*  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If Plaintiff names more than one defendant, he should include only claims that arise out of the same transaction or occurrence, i.e., claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how each defendant was personally involved in and directly responsible for harming him.  *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990).  Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim" (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir.1999)).  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.  The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff may not amend or supplement his complaint by filing separate documents containing changes he wants made to certain parts.   Plaintiff also may not attach exhibits to a complaint and instruct the Court to review them and piece together his claims.  Instead, Plaintiff must file a single, comprehensive amended complaint that contains specific facts in support of his claims.  Plaintiff shall have 21 days to file a second amended complaint, which will then be subject to review under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Mark Manzella's Motion to Amend Complaint, Doc. [53], is **GRANTED in part** and **DENIED in part**.  Plaintiff is granted leave to amend the Complaint to include his 28 U.S.C. § 1983 claim against Todd Renshaw in his individual capacity only.  As to all other proposed amendments, the Motion to Amend is denied.

**IT IS FURTHER ORDERED** that Plaintiff will file an amended complaint no later than October 9, 2023.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue process or cause process to issue on the amended complaint on Defendant Todd Renshaw.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Reconsideration, Doc. [59], is **DENIED**.

Dated this 18th day of September, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE